IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

F I L E D
OCT 25 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

AMERICAN SERVICE INSURANCE COMPANY,

                                              Plaintiff.

V.                                       Civil Action No. 3:10CV769 (JRS)

FERDY REYES GARCIA,

CHRISTIAN CORONEL, an infant under the age
of 18 years, by his father and natural guardian, ABEL
CORONEL,

ABEL CORONEL, individually

JOHN E. APPELT, III,

JOHN E. APPELT, Jr.,

MATHEW CASTRO,

JUSTINA SOTO,

ONE BEACON AMERICA INSURANCE,

ADIRONDACK INSURANCE EXCHANGE,

And

GEICO GENERAL INSURANCE COMPANY

                                              Defendants.

## **COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the plaintiff, American Service Insurance Company, ("ASI") by counsel, pursuant to 28 U.S.C. §2201 and 28 U.S.C. §1332, and moves this Honorable Court to declare the rights and obligations of the parties to this controversy on the following grounds:

### **The Parties**

1. Christian Coronel, an infant under the age of 18 years and a resident of the State of New York, by his father and natural guardian, Abel Coronel and Abel Coronel individually ("Coronel") alleges that he was injured in an automobile accident with Ferdy Reyes Garcia, a resident of the State of New York and John Appelt, III, also a resident of the State of New York on or about August 23rd, 2008 (the "accident"). Coronel claims that, as a result of the accident, that he has suffered serious injuries.

2. That One Beacon America Insurance ("Beacon") is a corporation with its principal place of business in Canton, Massachusetts and provides insurance coverage to John Appelt, Jr. for the motor vehicle accident described in paragraph one (1) of this Complaint for Declaratory Judgment.

3. That Adirondack Insurance Exchange is a corporation with its principal place of business in Canton, Massachusetts and provides insurance coverage to John Appelt, III for the motor vehicle accident described in paragraph one (1) of this Complaint for Declaratory Judgment.

4. That Mathew Castro, a resident of the State of New York, was also involved in the accident described in paragraph 1 of the Complaint for Declaratory Judgment, and he may also have a claim against Garcia and Appelt.

5. That Justina Soto, a resident of the State of New York, was also involved in the accident described in paragraph 1 of the Complaint for Declaratory Judgment, and she may also have a claim against Garcia and/or Appelt.

6. That Geico Insurance Companies ("Geico") is a Maryland Corporation and provided insurance coverage to Mr. Castro, applicable to the accident in question.

7. That ASI has its principal place of business in the state of Illinois, that there is complete diversity among the parties to this action and the amount in controversy exceeds $75,000.00 in determining ASI's obligations, or lack thereof, to provide insurance coverage to Mr. Ferdy Garcia, and the other parties to this action, in connection with the accident.

## The Controversy

8. That on or about August 4th, 2008, Ferdy Reyes Garcia appeared at Specialty Ins., 2201 West Broad Street, Richmond VA 2322-4225 and executed an application for insurance with ASI's agent Specialty Ins.

9. Mr. Garcia made material misrepresentations to ASI in the application for insurance, including but not limited to providing an incorrect residence address and garaging address for the motor vehicle he sought to insure.

10. At the aforesaid time and place, Mr. Garcia represented to ASI that he resided in Richmond, Virginia (at 4657 Southwood Parkway Apt. B, Richmond, Virginia, 23224) and that the vehicle would be garaged at that location.

11. At the aforesaid time and place, Mr. Garcia was not a resident of Virginia and the vehicle was not going to be garaged in Virginia. In fact, Mr. Garcia was a resident of New York State, he worked in New York State and he intended to and did garage the vehicle in question in New York State.

12. The misrepresentations contained in the application were relied upon by ASI, to its detriment, in deciding to issue the policy to Mr. Garcia.

13. Had Mr. Garcia revealed the true location of his residence and/or where the vehicle would be garaged, ASI would not have issued the policy in question.

14. As a result of Mr. Garcia's serious and material misrepresentations to ASI, the ASI policy is void *ab initio* and as such provides no coverage or other benefits as otherwise might be defined under the policy.

### Relief Sought

WHEREFORE, American Service Insurance Company respectfully requests an Order declaring the policy of insurance void *ab initio*, to declare that ASI owes no duties or benefits of any kind to any person or entity whatsoever pursuant to that policy of insurance and for such other relief as the Court deems appropriate.

AMERICAN SERVICE INSURANCE COMPANY

By _____

Counsel

W. Barry Montgomery      (VSB #43042)
Kalbaugh, Pfund & Messersmith, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia  23236
Tel:   (804) 320-6300
Fax:   (804) 320-6312
E-Mail: barry.montgomery@kpmlaw.com
Counsel for American Service Insurance Company